(59 App. Div. 493.)

PEOPLE ex rel. CITY OF ROCHESTER v. DE WITT et al., Assessors.

(Supreme Court, Appellate Division, Fourth Department. March 12, 1901.)

1. MUNICIPAL CORPORATIONS—WATER MAINS BEYOND CITY LIMITS—SPECIAL
FRANCHISE TAX—APPLICATION TO CITIES.
     Gen. Tax Law 1896, c. 908, art. 9, § 3, provides that all real estate within the state shall be taxed unless exempt by law, and section 4 exempts the property of a city which lies within its corporate limits. Laws 1899, c. 712, § 2, declares that the term "real estate" shall include all pipes laid for conducting water, including the value of the franchise to maintain and operate them, and that such franchises are special franchises for the purposes of taxation, and that the tangible property used in connection with a special franchise shall be taxed only as a part of the franchise, but no property of a city shall be subject to a special franchise tax. That part of the water mains of a city which extended beyond its limits and through another town was taxed by the latter under the

general tax law. *Held*, that the contention that such water mains could not be taxed under the general law because they were included in and taxable only as a part of the city's franchise cannot be sustained, since, the property of a city being expressly exempt from a special franchise tax, the provision that special franchises should include all tangible property used in connection with them can have no application to cities.

**2. STATUTES—REPEAL BY IMPLICATION.**

Laws 1896, c. 908, art. 9, § 3, provides that all real property within the state shall be liable to taxation unless exempt by law, and section 4 exempts from taxation property of a municipal corporation held for public use, except that portion not within the corporation. Laws 1899, c. 712, § 2, declares that a special franchise shall be deemed to include the value of the tangible property of the corporation used in connection with the franchise, and subjects such property to a special franchise tax, but exempts the property of a municipal corporation from the special franchise tax. *Held*, that sections 3 and 4 of the law of 1896 were not modified or repealed by implication by the law of 1899, since there was nothing inconsistent between the two acts.

**3. TANGIBLE PROPERTY—FRANCHISE—SEPARATION FOR TAXATION.**

Laws 1896, c. 908, art. 9, § 3, subjects all real property within the state to taxation unless exempt by law, and section 4 exempts the property of a city from taxation, except that part not within its corporate limits. The water mains of the defendant city extended beyond its limits, and through the town of H. *Held*, that the fact that the town of H. did not have the right to tax the defendant city's franchise to maintain a water system did not invalidate a tax by the town of H. on that part of the defendant's water mains which was within the limits of the town of H., since the defendant's franchise and its tangible property used in connection therewith were separable for the purposes of taxation.

Appeal from special term, Monroe county.

Certiorari by the people, on the relation of the city of Rochester, against George A. De Witt and others, as assessors of the town of Henrietta, to review an assessment of relator's property. From an order quashing the writ on the merits, relator appeals. Affirmed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

P. M. French, for appellant.
W. F. Cogswell, for respondents.

WILLIAMS, J. This appeal involves the question as to whether certain property of the city of Rochester lying in the town of Henrietta, outside the said city, is assessable in the town of Henrietta. The city, in 1900, owned 11.16 miles of pipe line lying in the town, outside of the city. This property was acquired and constructed for the purpose of supplying the city with water, under the authority of the several acts of the legislature referred to in the petition for the writ, and has ever since been used for that purpose. The property was assessed in the town, viz.: 5.58 miles new pipe line, at $11,800 per mile, $65,850; 5.58 miles old pipe line, at $3,200 per mile, $17,-850; and the return showed that this assessment was of the real estate of the city lying in the town, and did not include the value of any franchise, right, authority, or permission to the city to construct or maintain waterworks, mains, and pipe lines for the purpose of supplying the city with water. The respondents claimed this property was assessable in the town under the general tax law, while the ap-

pellant claimed that the property was tangible property included in and constituting a part of a special franchise of the city, and was not subject to taxation in the town under the general tax law as amended in 1899. The special term held the property was assessable, and that the assessment was valid, and made the order appealed from quashing the writ upon the merits.

The general tax law of the state was passed in 1896 as chapter 908 of the Laws of that year. By article 9 of that law, taxes upon corporations were provided for, and among them those known as "franchise taxes," but the special franchise tax which we are considering here was added by chapter 712, Laws 1899. Sections 3 and 4 of article 1 of the original act were left unchanged by the amendatory act, and it was under these sections that the respondents claimed the right to assess the property in question. So far as material here, these sections read as follows:

"Sec. 3. Property liable to taxation.—All real property within this state, * * * is taxable unless exempt from taxation by law.

"Sec. 4. Exemption from taxation.—The following property shall be exempt from taxation: * * * (3) Property of a municipal corporation of the state held for a public use, except the portion of such property not within the corporation."

The property in question was real, and not personal, under the definition given in section 2 of the law, both before and after the amendments of 1899. There can be no doubt that the property in question was assessable in the town, under these sections 3 and 4, before the amendatory act was passed (City of Rochester v. Coe, 25 App. Div. 300, 49 N. Y. Supp. 502, affirmed in 157 N. Y. 678, 51 N. E. 1093; City of Amsterdam v. Hess, 157 N. Y. 42, 51 N. E. 410), and the question is whether the amendments of 1899 so far affected or modified these sections as to deprive the town of the right to assess such property, which it theretofore had. The amendatory act inserted in subdivision 3, § 2, art. 1, of the original act, which defined the terms "land," "real estate," and "real property," two clauses, each of which commenced with the words, "including the value of all franchises." The first clause related to railroads, and is not important here. The second clause made that part of the section as amended read as follows:

"All mains, pipes, * * * laid or placed in, upon, above or under any public or private street or place for conducting * * * water, * * * including the value of all franchises, rights, authority or permission to construct, maintain or operate, in, under, above, upon, or through, any * * * public places, any mains, pipes, * * * for conducting water. * * *"

At the end of the subdivision the following was added:

"A franchise, right, authority or permission specified in this subdivision shall for the purpose of taxation be known as a 'special franchise.' A special franchise shall be deemed to include the value of the tangible property of a person, copartnership, association or corporation situated in, upon, under or above any street, highway, public place or public waters in connection with the special franchise. The tangible property so included shall be taxed as a part of the special franchise. No property of a municipal corporation shall be subject to a special franchise tax."

The amendatory act made changes in other parts of the original act necessary to provide for the assessment of the special franchise tax, and, among other things, added section 47, as follows:

"Sec. 47. Special franchise tax not to affect other tax.—The imposition or payment of a special franchise tax as provided in this chapter shall not relieve any association, copartnership or corporation from the payment of any organization tax or franchise tax or any other tax otherwise imposed by article nine of this chapter, or by any other provision of law; but tangible property subject to a special franchise tax situated in, upon, under or above any street, highway, public place or public waters, as described in subdivision three of section two shall not be taxable except upon the assessment made as herein provided by the state board of tax commissioners."

It will be observed that under subdivision 3 of section 2 of article 1, as amended in 1899, a franchise therein specified was made real estate, and for the purposes of taxation was to be known as a "special franchise," but, inasmuch as this term was to be applied to such franchise for the purposes of taxation only, and inasmuch as the property of a municipal corporation, by the express terms of the amendment, was not subject to a special franchise tax, it cannot be said that its franchise specified in the amendment was a special franchise at all. The provision in the amendment, therefore, that "a special franchise shall be deemed to include the value of the tangible property," etc., and that "the tangible property so included shall only be taxed as a part of the special franchise," had no application to the franchise of a municipal corporation. This construction is confirmed by the provision of section 47, added by the amendatory act, that:

"The imposition or payment of a special franchise tax * * * shall not relieve * * * from the payment of any * * * franchise tax * * * imposed by article nine, * * * but tangible property subject to a special franchise tax * * * as described in subdivision three, section two, article one shall not be taxable except upon the assessment made as herein provided by the state board of tax commissioners."

In other words, the provisions relating to tangible property of a municipal corporation, and making such property a part of a special franchise, have no application to the tangible property of a municipal corporation, because the term "special franchise" was created solely for the purpose of taxation, and the property of a municipal corporation was expressly exempted from such taxation. The purpose of the amendatory act was to provide for an increase of the area of taxation so as to include property not theretofore subject to taxation. No purpose is apparent to relieve and exempt from taxation property theretofore taxable. And as to tangible property the provision was that, when taxable as a part of a special franchise, it should only be taxed upon the assessment made for the purpose of a special franchise tax. When not assessable as a part of a special franchise, it was to be assessed as it had been before the amendatory act was passed. There having been in the amendatory act no reference to sections 3 and 4 of the original law, no express modification or repeal thereof, and the amendatory act not being inconsistent with those sections of the original law, the amendatory act cannot be held to have modified or repealed these sections by implication. Davis v. Supreme Lodge, 165 N. Y. 159, 166, 58 N. E. 891, where the rules applicable to repeal of statutes by implication are clearly stated.

Prior to the enactment of the general tax law of 1896, the property of a municipal corporation situate beyond the limits of the corporation, and held for a public use, was exempt from taxation in the

towns where it was located; but by sections 3 and 4 of the general tax law such property was, by the legislature, expressly subjected to taxation in such towns. City of Rochester v. Coe and City of Amsterdam v. Hess, supra. The court of appeals in the Hess Case said this was in accordance with natural justice as between the taxpayers of the towns and the municipality receiving the benefits from the property. We see no reason why we should struggle to hold this property again exempted from taxation by a law which does not make the intention of the legislature clear to provide for such exemption. Very likely the franchise, right, authority, or permission to the city to construct and maintain waterworks, mains, and pipe lines, which was, by the amendatory act, real estate, was not assessable or taxable in the town. It could not be said to be, in the language of section 4, "not within the corporation." It was a franchise, though not a special franchise, but was within the corporation, and therefore not the subject of taxation in the town. The return shows this franchise was not assessed, but that the assessment was only of the tangible property lying in the town. While the act makes the pipe line and the franchise both species of real property, we can see no objection to separating them, and assessing the pipe line and leaving the franchise unassessed.

Our conclusion is that the order appealed from should be affirmed, with costs. So ordered. All concur.